IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSEPH LLOYD WELCH,<br><br>   Petitioner,<br><br>v.<br><br>GREGORY WERNER,<br><br>   Respondent. | Civil Action No.: JRR-25-1366 |

**MEMORANDUM AND ORDER**

     Pursuant to this Court's May 5, 2025 Order requiring him to supplement the Petition for Writ of Habeas Corpus, Petitioner Joseph Lloyd Welch has filed a supplemental petition explaining the prejudice suffered as a result of the failure of Virginia authorities to bring him to trial for untried charges pursuant to the Interstate Agreement on Detainers Act ("IADA"). ECF No. 6. Welch also filed a Motion to Proceed in Forma Pauperis (ECF No. 5) which the Court now grants.

     Welch explains that a key defense witness for the charges pending against him has moved from Virginia to Florida and has told him that she has no intention of ever returning to Virginia for any reason. ECF No. 6. Welch does not provide a declaration from this witness but provides his own declaration attesting to the allegations concerning the witness's alleged unavailability for trial. ECF No. 6-1. He states that she is adamant about not returning to Virginia because of a break-up with a long-term girlfriend. ECF No. 6 at 2, ¶ 4. Although Welch describes this witness as an eyewitness, he does not provide any details regarding her expected testimony or how it would undermine the State's case. In other words, he does not explain why her testimony is important beyond the conclusory moniker that she is an eyewitness.

The prejudicial harm element is required to state a cognizable federal claim in connection with an alleged violation of the IADA. *See Kerr v. Finkbeiner*, 757 F.2d 604, 607 (4th Cir. 1985). Welch has not adequately stated prejudicial harm. "While each § 2254 petition[1] must contain the overarching assertion of custody in violation of federal law, it must also contain specifically 'asserted grounds for relief,' otherwise termed as 'issues' or 'claims.'" *Folkes v. Nelsen*, 34 F.4th 258, 267–68 (4th Cir. 2022) (quoting *Samples v. Ballard*, 860 F.3d 266, 273 (4th Cir. 2017)). "Both AEDPA and the Rules Governing Section 2254 Cases in the United States District Courts provide that different grounds for relief are treated as different claims, *Samples*, 860 F.3d at 274, and that petitioners must "state the facts supporting each ground," *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (quoting Habeas Corpus R. 2(c))." *Id*. Where a petitioner fails to proffer what a witness would have testified, it "reduces any claim of prejudice *to mere speculation* and is fatal to his claim." *Vandross v. Stirling*, 986 F.3d 442, 452 (4th Cir. 2021) (internal citations omitted) (considering claim asserted in context of ineffective assistance of counsel claim). Here, Welch has not provided any facts regarding the importance of the alleged missing witness or the impact it will have on his ability to present a defense.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Welch fails to meet this standard and the Court declines to issue a certificate

---

[1] "[R]egardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' for purposes of § 2244(b), even if they challenge the execution of a state sentence." *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016).

of appealability. Welch may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

Accordingly, it is this 2nd day of June, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion for Leave to Proceed in Forma Pauperis (ECF No. 5) IS GRANTED;
2. The Petition for Writ of Habeas Corpus is DISMISSED;
3. The Clerk SHALL PROVIDE a copy of this Order to Petitioner; and
4. The Clerk SHALL CLOSE this case.

/S/

_____
Julie R. Rubin
United States District Judge